IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE C. SIMPSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TRANSOCEAN, LTD; BP, PLC; TRANSOCEAN, LTD, (Transocean Entity); TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. (Transocean Entity); TRANSOCEAN DEEPWATER, INC. (Transocean Entity); BP PRODUCTS NORTH AMERICA, INC.; HALLIBURTON ENERGY SERVICES, INC.; CAMERON INTERNATIONAL CORPORATION; and BP AMERICA, <br><br> Defendants. | Civil Action No.: <br> 1:10-cv-00210 |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, George C. Simpson, (hereinafter sometimes referred to as "Plaintiff'), individually, and on behalf of all others similarly situated who is a person of the full age of majority and resides in Clay County, Alabama. George C. Simpson owns real property in Baldwin County that he rents to persons for income, said property being located within 10 miles of the Gulf Coast. Plaintiff shows unto this Honorable Court as follows:

1. Defendants herein are:

    (A) TRANSOCEAN, LTD, hereinafter referred to as "Transocean," a foreign corporation doing business in the State of Alabama;

    (B) BP, PLC, hereinafter referred to as "BP", a foreign corporation doing business in the State of Alabama;

    (C)    TRANSOCEAN, LTD, (A TRANSOCEAN ENTITY), a foreign corporation doing business in the State of Alabama;

    (D)    TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (A TRANSOCEAN ENTITY), a foreign corporation doing business in the State of Alabama;

    (E)    TRANSOCEAN DEEPWATER, INC., (A TRANSOCEAN ENTITY), a foreign corporation doing business in the State of Alabama;

    (F)    BP PRODUCTS NORTH AMERICA, INC. hereinafter referred to as "BP Products," a foreign corporation doing business in the State of Alabama;

    (G)    HALLIBURTON ENERGY SERVICES, INC. hereinafter referred to as "Halliburton," a foreign corporation doing business in the State of Alabama;

    (H)    CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION (CAMERON), a foreign corporation that manufactured, supplied and/or maintained defective and/or inoperable Blow Out Preventors (BOP) doing business in the State of Alabama;

    (I)    BP AMERICA, a foreign corporation and owner/operator of well lease doing business in the State of Alabama.

2. This court has jurisdiction over this class action pursuant to (1) 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, because the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action brought by the citizens ofa state that is different from the state where at least one of the Defendants are incorporated or do business; (2) 28 U.S.C. § 1331, because the claims asserted here in arise under the laws of the United States of America.

3. Plaintiff, George C. Simpson, landowner of rental property located within 10 miles of the shore of the Gulf of Mexico, seeks to represent all landowners residing in the State of Alabama who own rental property located within 10 miles of the shore of the Gulf of Mexico.

4.      TRANSOCEAN ENTITIES, employed workers aboard the offshore drilling vessel, DEEPWATER HORIZON, a semi-submersible mobile drilling unit that was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS and/or BP AMERICA at all material times herein.  Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion. Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was the cause of the explosion. Defendant CAMERON manufactured, supplied, installed and/or maintained defective BOP's that failed to operate and control the oil leak.

5.      On or about April 20, 2010, at approximately 10:00 p.m., on the DEEPWATER HORIZON, which is located 50 miles southeast of Venice, Louisiana, without warning, an explosion occurred on the vessel, causing its crewmembers to be thrown overboard and killing several crew members aboard the vessel.  Oil gushed into the Gulf of Mexico from a depth of 5,000 feet.

6.      As of April 28, 2010, the oil slick resulting from the explosion has a circumference of 600 miles and can be seen from space.  It is currently within 21 miles of land and is causing many people to cancel reservations at rental property within 10 miles of the Gulf of Mexico shore, including cancellation at the rental property owned by George C. Simpson.  It is destroying the vacation industry in the areas surrounding the Gulf of Mexico.

7.      The accident was caused by no fault of the Plaintiff and was caused solely by the negligence of Defendants as more fully set forth herein.  Since the time of the accident a remotely operated vehicle continues to carry out "multiple attempts" to activate the sub-sea blowout preventer

3

to stop the well from leaking an estimated five thousand barrels of crude per day into the Gulf. To date, the "hot stab" to shut off the well by use of the subsea blowout preventer has been unsuccessful.

8. Plaintiff further maintains that Defendants were negligent or wanton in responding to the disaster, particularly with respect to downplaying the nature, size and extent of the leak and failing to employ adequate responders and/or equipment in the field to control the oil slick.

9. As a result of the above described incidents, Plaintiff, George C. Simpson, has lost rental revenue due to cancellations from renters of his property within 10 miles of the Gulf of Mexico and he and other rental property owners will continue to lose income because of the oil spill.

10. At all times material hereto, the vessel which exploded, was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by Defendant, TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS.

11. This incident occurred as a result of the negligence of Defendants, TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS. These acts of negligence render the defendants liable to Plaintiff pursuant to the provisions of general maritime law for negligence.

12. The accident was caused by Defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard including the requirement to test the subsea blowout preventer every two weeks.

13. Defendant BP, BP PRODUCTS and BP AMERICA knew of the dangers of deep water drilling and failed to take appropriate measures to protect workers and the environment.

14. Plaintiff, George C. Simpson, individually, and on behalf of all others similarly situated, demands that Defendants provide the cost of cleanup of the 5000+ barrels of crude oil lost daily since the incident and to pay for the consequential damages suffered by the Class Members.

## CLASS ACTION ALLEGATIONS

**a. Numerosity of the class**

15. The proposed class is so numerous that joinder is impractical. There are hundreds of rental property owners directly affected by the spill. The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the court.

**b. Predominance of Common Questions of Fact and Law**

16. There is a well-defined community of interest in that the questions of law and fact common to the class predominate over questions affecting only individual Class members and include, but are not limited to, the following:

    A. Whether Defendants caused and/or contributed to the explosion and oil spill;

    B. Whether Defendants' actions were negligent;

    C. Whether or not the explosion and oil spill have caused environmental or other damage; and,

    D. The amount of damages Plaintiff and the Class members should receive as compensation.

**c. Typicality**

17. Plaintiff and Class Members have suffered similar harm as a result of Defendants' actions.

**d. Adequacy of Representation**

18. Plaintiff will fairly and adequately represent and protect the interest of the members of the class because his interests do not conflict with the interests of the Class Members they seek to represent. Plaintiff has no claim antagonistic to those of the class. Plaintiff has retained counsel

competent and experienced in complex class actions and maritime litigation.

**e. Superiority**

19.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to this court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments and the prospect of a race for the courthouse and an equitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendants' conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

20.  The various claims asserted in the action are certifiable under the provisions of Rule 23 (b)(l) and/or 23(b)(2) of the federal Rules of Civil Procedure because:

    a.  The prosecution on separate actions by thousands of individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class member, loss of establishing incompatible standards of conduct for Defendants;

    b.  The prosecution of separate actions by individual Class members would also create the risk of adjudications with respect to them that would, a practical matter, be dispositive of the interests of the other Class Members who are not parties to such adjudications and would substantially impair or impede their ability to protect their interests; and,

    c.  Defendants have acted or refused to act on grounds generally applicable to the entire Class, thereby making appropriate final declaratory and injunctive

relief with respect to the class as a whole appropriate.

21. The above-described incidents were caused solely by the negligence of Defendants, TRANSOCEAN ENTITES and/or BP and/or BP PRODUCTS and HALIBURTON, through their agents, servants and employees, which are more particularly described as follows:

   a. Failing to properly operate the Deepwater Horizon;

   b. Failing to properly supervise employees upon the Deepwater Horizon;

   c. Failing to properly train and/or supervise employees upon the Deepwater Horizon;

   d. Failing to properly inspect to assure that the Deepwater Horizon equipment and personnel were fit and utilized for their intended purpose;

   e. Failing to provide sufficient personnel to perform operations aboard the Deepwater Horizon;

   f. Failing to exercise due care and caution in the operation of the Deepwater Horizon;

   g. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon day wore operating and constructing at the time of the explosion;

   h. Inadequate and negligent training and hiring in the construction and maintenance and operation of the Deepwater Horizon;

   i. Failing to ascertain that the Deepwater Horizon was free from defects and/or in proper working order;

   j. Failure to timely bring the release under control;

   k. Failure to react to danger signs; and, such other acts of negligence and omissions as will be shown at the trial of this matter;

   l. Other acts of negligence which will be shown more fully at trial.

22. In the further alternative, Plaintiff, reiterating and realleging each and every allegation

set forth above, as though set forth herein in extensor, avers the applicability of the doctrine of *res ipsa loquitur.*

23.     In addition, and alternatively, any explosion and resulting oil released was caused by defective equipment which was manufactured or in the care, custody, and control of Defendants and over which the Defendants had control. Defendants knew or should have known of these defects and Defendants are, therefore, liable for them.

24.     The damages to Plaintiff and the Class Members were also caused by or aggravated by the fact that Defendants failed to properly respond to the release and take necessary actions to mitigate the danger to the surrounding community and/or to timely and adequately warn of the release of oil.

25.     In addition to the negligent actions described above, and in the alternative thereto the injuries and damages suffered by Plaintiff and the Class Members were caused by the acts and/or omissions of the Defendants that are beyond proof by the Plaintiffs and the Class Members, but which are within the knowledge and control of the Defendants, there being no other possible conclusion that the explosion and release of oil resulted from the negligence of Defendants. Furthermore, the explosion and the resultant oil released would not have occurred had the Defendants exercise the high degree of care and post on them and Plaintiffs, therefore, plead the doctrine ofthe *res ipsa loquitor.*

26.     Plaintiff and the Class Members are entitled to a judgment finding Defendants liable to Plaintiff and the Class Members for damages suffered as a result of Defendants' negligence and awarding Plaintiff and the Class Members adequate compensation therefore in amounts determined by the trier of fact.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, George C. Simpson, individually, and on behalf of all others similarly situated, prays for the following relief, both from the Court and from the Defendants, jointly, severally, and *in solido*:

a. An order certifying the class for the purpose of the going forward with any one or all ofthe causes of action alleged herein; appointing Plaintiff as the class representative; and appointing undersigned counsel as counsel for the class;

b. Economic and compensatory damages in the amounts to be determined at trial, but not less than the $5,000,000.00 required by the Class Action Fairness Act which establishes the Court's jurisdiction to hear this case.

c. Punitive damages;

d. Pre-judgment and pot-judgment interest at the maximum rate allowable by law;

e. Attorney's fees and costs of litigation;

f. Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate; and

g. A trial by jury as to all Defendants.

Done on this the 30th day of April, 2010.

*s/ Larry Morris*
LARRY W. MORRIS (MOR007)
Morris, Haynes & Hornsby
P.O. Box 1660
Alexander City, Alabama 35011-1660
(256) 329-2000 (Telephone)
(256) 329-2015 (Facsimile)
Email:  lmorris@mhhlaw.net


*s/ Clay Hornsby*
CLAY HORNSBY (HOR021)
Morris, Haynes & Hornsby
3500 Colonnade Parkway, Suite 100

Birmingham, Alabama 35243
(205) 324-4008 (Telephone)
(205) 324-0803 (Facsimile)
Email: chornsby@mhhlaw.net

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CAUSES IN THE ABOVE COMPLAINT.

*s/ Clay Hornsby*
OF COUNSEL

**THE FOLLOWING DEFENDANTS ARE TO BE SERVED VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED:**

**BP America**
C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**BP, PLC**
C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**Cameron International Corporation**
C T Corporation System
2 N. Jackson St., Suite 605
Montgomery, AL 36104

**Halliburton Energy Services, Inc.**
C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**Transocean, LTD.**
C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**Transocean Deepwater, Inc**.
C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**Transocean Offshore Deepwater Drilling, Inc.**
C T Corporation System
2 North Jackson, St., Suite 605
Montgomery, AL 36104

**BP Products North America, Inc**.
CSC-Lawyers Incorporating Service
150 S. Perry Street
Montgomery, AL 36104